```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                                    )
ALEXANDER STRANGIS,                 )
                                    )
          Plaintiff,                )
                                    )         Civil Action
v.                                  )         No. 24-cv-10343-PBS
                                    )
FIRST HORIZON BANK f/k/a First      )
Tennessee Bank National             )
Association f/k/a First Horizon     )
Home Loan Corporation,              )
                                    )
          Defendant.                )
_____ )

## MEMORANDUM AND ORDER

November 22, 2024

Saris, D.J.

### INTRODUCTION

Plaintiff Alexander Strangis brings this lawsuit to challenge the foreclosure on his home by Defendant First Horizon Bank ("First Horizon"). Strangis alleges that First Horizon promised to postpone the foreclosure auction and give him notice of the rescheduled date but then held the auction without providing him with the promised notice. After Strangis filed this lawsuit in the Massachusetts Land Court, First Horizon removed it to federal court on the basis of diversity jurisdiction. Strangis now moves to remand the case, arguing that First Horizon has not proven that the amount-in-controversy requirement is satisfied.

1

After hearing, the Court **ALLOWS** Strangis's motion to remand (Dkt. 10) as to the request to remand the case and **DENIES** the motion as to the request for attorney's fees and costs. The Court **DENIES** First Horizon's motion to dismiss (Dkt. 16) as moot.

## BACKGROUND

The following background is taken from the allegations in Strangis's complaint. In May 2005, Strangis took out a $250,000 home equity line of credit with a predecessor of First Horizon. The line of credit was secured by a mortgage on Strangis's home in Brockton, Massachusetts. Strangis started to fall behind on his loan payments in 2015.

Strangis eventually received notice that a foreclosure auction was scheduled for February 8, 2021. At the time, Strangis was seeking a means to pay off the loan and was exploring reorganizing his debt via bankruptcy. He informed First Horizon of his efforts to avoid foreclosure, and First Horizon agreed to reschedule the auction for April 9, 2021. As Strangis continued to try to avoid foreclosure, his attorney negotiated a further 30-day postponement of the auction. First Horizon's counsel acknowledged the postponement in an email and promised to follow up with a rescheduled date. Yet Strangis never received notice of either a new date for the auction or a foreclosure sale. He therefore believed that First Horizon had chosen not to reschedule the auction.

Years later, a real estate agent approached Strangis on behalf of First Horizon to propose a "cash for keys" agreement for his home. After inquiring, Strangis learned that, despite the promise of a second postponement by First Horizon's counsel, the foreclosure auction did in fact go forward in April 2021 and that First Horizon purchased the property after other higher bidders failed to perform.

On January 10, 2024, Strangis filed suit against First Horizon in the Massachusetts Land Court. His amended complaint asserts ten causes of action that he characterizes as seeking "virtually the same relief -- an Order from the Court that the foreclosure that occurred on [his] property be deemed VOID." Dkt. 11 at 7.

First Horizon removed the case to federal court on the basis of diversity jurisdiction. In its notice of removal, First Horizon asserted that the amount in controversy is either the appraised value of the property ($322,100) or the face value of the mortgage loan ($250,000). Strangis then moved to remand the case to state court, arguing that his lawsuit does not satisfy the amount-in-controversy requirement.

## **LEGAL STANDARD**

A defendant generally may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating

3

federal subject matter jurisdiction over the case. See Amoche v. Guar. Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). Because removal statutes are construed "strictly and against removal[,] . . . if federal jurisdiction is doubtful, a federal court must remand to state court." Rhode Island v. Shell Oil Prods. Co., 35 F.4th 44, 52 (1st Cir. 2022).

Federal district courts have original jurisdiction over civil actions "when the amount in controversy exceeds $75,000 and the parties are completely diverse." Berkley Nat'l Ins. Co. v. Atl.-Newport Realty LLC, 93 F.4th 543, 548 (1st Cir. 2024); see 28 U.S.C. § 1332(a). When, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). If the "defendant's assertion of the amount in controversy is challenged," the court must "decide[], by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 88; see 28 U.S.C. § 1446(c)(2)(B).

## DISCUSSION

There is no dispute that the parties to this suit are completely diverse. Strangis is domiciled in Massachusetts and is therefore a citizen of that state. See BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023). First Horizon, a

4

corporation, is a citizen of Tennessee because it is incorporated and has its principal place of business there. See id. at 696.

The parties disagree, however, over whether the amount in controversy in this suit exceeds $75,000. First Horizon argues that the amount in controversy is either the appraised value of the property ($322,100) or the face value of the mortgage loan ($250,000) because Strangis seeks both to enjoin its ability to foreclose and to quiet title to the property. Strangis disputes that either figure is an apt measure of the amount in controversy, as, in his view, he does not challenge First Horizon's general right to foreclose or the validity of the mortgage. He asserts that he is instead challenging the validity of the particular foreclosure sale that occurred without the notice that First Horizon allegedly promised him.

When a plaintiff seeks declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977); see Mojtabai v. Mojtabai, 4 F.4th 77, 84 (1st Cir. 2021). This value includes "the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004).

"[W]here a complaint seeks to invalidate a loan secured by a deed of trust," courts normally use the face value of the mortgage loan, the unpaid balance on the loan, or the fair market value of

5

the property to measure the amount in controversy. McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 & n.4 (1st Cir. 2012) (acknowledging the advantages of the face-value-of-the-loan rule but declining to decide among these options). These measures also apply in cases where "a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure." Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 776 (9th Cir. 2017); see Andrews v. HSBC Bank USA, N.A., 264 F. Supp. 3d 346, 349 (D. Mass. 2017) (using the face value of the loan where "the allegations in the complaint [went] to the essence of the validity of the mortgage and [the mortgagee's] right to foreclose"); Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151 (D. Mass. 2013) (same where "Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful"). In such cases, "it is the property itself that is the object of the litigation." Farkas v. GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); see Corral, 878 F.3d at 776. By contrast, courts decline to treat the face value of the loan or the fair market value of the property as the amount in controversy when the plaintiff seeks only to temporarily enjoin foreclosure and "would not be able to retain possession and ownership of [his] [p]roperty without paying off

[his] debt." Corral, 878 F.3d at 776; see Hernandez v. US Bank, N.A., 318 F. Supp. 3d 558, 559-60 (D.R.I. 2018).

The object of this lawsuit is not full title to Strangis's home or the full value of the mortgage loan. The crux of the complaint alleges that First Horizon held a foreclosure auction on Strangis's home without giving him notice of the auction as promised. Strangis seeks an order "that due to lack of notice, the foreclosure that [First Horizon] attempted to complete is void and of no effect." Dkt. 11 at 9. These allegations do not concern the validity of the mortgage loan, First Horizon's general right to foreclose, or its interest in the property in its entirety. Although the complaint muddies the waters by requesting certain forms of relief that imply the mortgage's invalidity, Dkt. 1-9 at 15 (seeking a "Permanent Injunction prohibiting [First Horizon] from continuing any foreclosure" and an order "[q]uiet[ing] title to the Property" in Strangis's favor), Strangis disavowed any such reading of his complaint in his motion to remand and at the hearing on the motion. Thus, the proper measure of the amount in controversy in this suit is not the face value of Strangis's mortgage loan or the fair market value of his home.

In Hernandez, the district court addressed a motion to remand under analogous circumstances. As here, the plaintiffs in Hernandez sought to rescind an allegedly faulty foreclosure sale but did not challenge the validity of the mortgage or the note or

7

the mortgagee's general ability to foreclose. See 318 F. Supp. 3d at 559. The court rejected the defendants' argument that the amount in controversy was the face value of the mortgage loan or the value of the property. See id. at 559, 561. The court explained that the plaintiffs simply "ask[ed] . . . to return the parties to the positions they occupied before the sale -- when [the bank and loan servicer], as mortgagee and note-holder, held legal title to the [p]roperty and [the plaintiffs], as mortgagors, equitable title." Id. at 560. And because the defendants had not endeavored to value the restoration of the plaintiffs' equitable title, the court concluded that they had not shown that the amount-in-controversy requirement for diversity jurisdiction was satisfied. See id. at 561.

The same logic applies here. Strangis would not win the value of either the mortgage loan or the property if he were to prevail in this lawsuit. Rather, he effectively seeks restoration of his equitable title in the home so that he has an opportunity to pay off the mortgage loan before a properly noticed foreclosure auction takes place. First Horizon has made no effort to value the pecuniary consequences of this outcome. First Horizon has therefore failed to meet its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Finally, I deny Strangis's request for attorney's fees and costs. 28 U.S.C. § 1447(c) authorizes a court ordering a remand to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). As previously noted, Strangis's complaint requests certain forms of relief -- such as a permanent injunction against foreclosure -- that imply the invalidity of First Horizon's interest in the property in its entirety. Although Strangis has since disavowed this reading of his complaint, First Horizon could have reasonably believed that these requests for relief put the face value of the mortgage loan or the value of the property at issue in the litigation. First Horizon had an objectively reasonable basis for removing this lawsuit, so an award of attorney's fees and costs is not warranted.

## ORDER

Accordingly, Strangis's motion to remand (Dkt. 10) is **ALLOWED** as to the request to remand the case and **DENIED** as to the request for attorney's fees and costs. This case is **REMANDED** to the Massachusetts Land Court. First Horizon's motion to dismiss (Dkt. 16) is **DENIED** as moot.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge